

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 17, 1992

Honorable George Pierce
Chairman
Urban Affairs Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-130

Re: Whether a home rule city council member is barred by state law from voting on zoning matters affecting territory which includes that member's residence (RQ-346)

Dear Representative Pierce:

You ask whether a home rule city council member is barred from voting on a zoning matter affecting territory in which the member owns a residence.

Section 171.004 of the Local Government Code provides in pertinent part:

> (a) If a local public official has a substantial interest in ... real property, the official shall file, before a vote or decision on any matter involving ... the real property, an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter if:
>
> . . . .
>
> (2) in the case of a substantial interest in real property, it is reasonably foreseeable that an action on the matter will have a special economic effect on the value of the property, distinguishable from its effect on the public.
>
> (b) The affidavit must be filed with the official record keeper of the governmental entity.

> (c) If a local public official is required to file and does file an affidavit under Subsection (a), the official is not required to abstain from further participation in the matter requiring the affidavit if a majority of the members of the governmental entity of which the official is a member is composed of persons who are likewise required to file and who do file affidavits of similar interests on the same official action.

We think it is clear that the provisions of section 171.004 would, in certain circumstances, bar a city council member's voting on a zoning matter affecting territory in which the member's residence is located. A home rule city council member is clearly a "local public official" within the meaning of section 171.004. *See* Local Gov't Code § 171.001(1) (defining "local public official," for purposes of chapter 171, to include "a member of the governing body ... of any ... municipality"). A zoning matter affecting territory in which the member's residence was located would, we think, clearly "involve" such "real property," within the meaning of section 171.004. A council member's interest in his residence would be a "substantial interest" in "real property" within the meaning of section 171.004 if his real property interest in the residence amounted to "equitable or legal ownership with a fair market value of $2,500 or more." *Id.* § 171.002(b) (defining "substantial interest in real property" for purposes of the chapter).

In view of the provisions of subsection (a)(2) of section 171.004, even where a council member had a "substantial interest" in his residence, he would be required to abstain from voting in the case of a zoning matter affecting territory in which the residence was located only if it was "reasonably foreseeable that an action on the matter will have a special economic effect on the value of the property, distinguishable from its effect on the public." And, even in such a case, the abstention requirement would not apply if, under subsection (c), the member had filed the affidavit required by the section and a majority of the council also had similar interests in the matter and had filed the appropriate affidavits. Whether it would be "reasonably foreseeable," under subsection (a)(2), that an action on a voting matter will have a "special economic effect" on the value of the member's residence "distinguishable from its effect on the public," so as to trigger the affidavit and abstention requirements of the section, would, of course, depend on the facts of the particular case.

You also ask whether it is "permissible or proper" for a council member to abstain from voting on a zoning matter affecting territory in which his residence is located. We find nothing in state law which would restrict a council member's abstaining under such circumstances. Particularly given the penal provisions, in section 171.003, for "knowingly" violating section 171.004, it might, indeed, be advisable for a member to comply with the affidavit and abstention requirements of the latter section if he is in doubt as to whether his failure to do so will place him in violation of the section.

We caution, finally, that we limit our discussion here to state law. Notably subsection (a) of section 171.007 provides that the provisions of chapter 171, which we have discussed above with regard to your questions, "preempt[] the common law of conflict of interests as applied to local public officials." However, subsection (b) of that section provides that the chapter "is cumulative of municipal charter provisions and municipal ordinances defining and prohibiting conflicts of interest." Therefore, the charter provisions and ordinances of particular cities should be consulted in order to determine if they place additional restrictions, to those effected by state law, on council members' participation in the matters you ask.

## S U M M A R Y

Under certain circumstances, the provisions of chapter 171 of the Local Government Code would require a home rule city council member to abstain from voting on a zoning matter affecting territory in which the member's residence is located.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General